IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA BICKEL<br>3674 Winchell Road<br>Shaker Heights, Ohio 44122 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| DELOITTE & TOUCHE, LLP<br>127 Public Square, Suite 3300<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>Deloitte & Touche, LLP<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Melissa Bickel, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

### **PARTIES**

1. Bickel is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Deloitte & Touche LLP (hereinafter referred to as "Deloitte") is a limited liability partnership that is lawfully licensed to practice business in the state of Ohio.

3. Deloitte operates a business located at 127 Public Square, Suite 3300, Cleveland, Ohio 44114.

### **JURISDICTION & VENUE**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Bickel is alleging a Federal Law Claim under The Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

5. All material events alleged in this Complaint occurred in county of Cuyahoga.



6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7. Bickel is a former employee of Deloitte.

8. Deloitte hired Bickel on or about June 17, 2012.

9. At the time of Bickel's termination, Deloitte employed her as a Senior Consultant.

10. Bickel had no meaningful history of discipline in the five years that she worked for Deloitte.

11. Bickel regularly received pay raises in the five years of her employment.

12. Bickel regularly received positive performance reviews in the five years of her employment.

13. In between yearly performance evaluations, Deloitte also conducts "snapshots."

14. Employees conduct snapshots every couple of weeks to report the amount of work performed.

15. Consultants at Deloitte get staffed on certain projects for clients.

16. If a consultant is not staffed on a project for a client, the burden is partially on Deloitte to find a project for the consultant.

17. If a consultant is not staffed on a project, the burden is partially on the consultant to reach out to find a project to work on.

18. If a consultant is not staffed on a project, it is referred to being "on the beach."

19. If a consultant is not staffed, it reflects poorly on the employee's snapshot.

20. Upon information and belief, the summer months are slower for Deloitte when it comes to projects for the consultants.

21. Upon information and belief, the summer months have a higher percentage of employees on the beach.



22. Upon information and belief, Deloitte does not prefer to staff consultants on multiple projects during the summer months, as projects should go to consultants on the beach before going to consultants who are already staffed.

23. In or prior to January 2017, Bickel's mother became very ill.

24. In or about January 2017, Bickel had to take time off work in order to provide care for her sick mother.

25. In January 2017, Bickel applied for FMLA leave.

26. In January 2017, Bickel utilized continuous FMLA leave.

27. Bickel returned to work in or about May 2017.

28. Nichols is and/or was, and during all material events alleged herein, a talent manager.

29. During all material events alleged herein, Nichols supervised and/or managed Bickel.

30. In May 2017, when Bickel returned to work from FMLA leave, Deloitte designated Bickel a "low performer."

31. Prior to utilizing FMLA leave, Bickel was not a low performer.

32. Defendant designated Bickel a low performer because she utilized FMLA leave.

33. When Defendant designated Bickel a lower performer, they took into account the time she was off of work due to FMLA leave, in calculating the amount of work she performed.

34. Upon information and belief, other Deloitte employees can see when a consultant is designated a low performer.

35. Upon information and belief, a consultant who is designated a low performer is less likely to get selected to staff a project.

36. By designating Bickel, a low performer, it made it less likely that she would get staffed on future projects.

The Employee's Attorney.™ 

37. Upon information and belief, if Bickel continued to not get staffed on projects, it would reflect poorly on her snapshots.

38. Upon information and belief, if Bickel continued to not get staffed on projects, it would reflect poorly on her performance evaluations.

39. Upon information and belief, if Bickel continued to not get staffed on projects, it would become more likely that Deloitte would terminate her employment.

40. Designating Bickel, a low performer constituted an adverse action.

41. Prior to utilizing FMLA leave, Bickel was staffed on a federal project.

42. While Bickel was utilizing FMLA leave, Deloitte staffed another consultant in her position.

43. When Bickel returned from FMLA leave, she was unable to return to the project she was staffed on prior to utilizing FMLA leave.

44. As Deloitte would not permit Bickel to return to the project she was previously staffed on, when Bickel returned from FMLA leave, she was on the beach.

45. Bickel made many efforts to get staffed after returning from FMLA leave.

46. Although Bickel was on the beach when she returned from FMLA leave, it was during the summer months.

47. In August 2017, Bickel got staffed on a project.

48. On or about October 16, 2017, Nichols called Bickel.

49. On October 16, 2017, Nichols advised Bickel that they were terminating her employment.

50. Bickel asked Nichols for the reason Defendants were terminating her employment, and Nichols stated, "come on, we've had numerous meetings and conversations, you know why."

51. Bickel told Nichols that they had not had such conversations, and that Nichols had never provided specific ways to improve her alleged poor performance.



52. Rather than provide a rebuttal to Bickel's comment, Nichols transferred Bickel to human resources to discuss how she could clear out her things from Deloitte.

53. Defendant terminated Bickel because she utilized FMLA leave.

54. Upon information and belief, Deloitte has a progressive disciplinary policy.

55. Deloitte terminated Bickel in violation of its own progressive disciplinary policy.

56. Deloitte does not terminate individuals who have not utilized FMLA leave in violation of its own progressive disciplinary policy.

## COUNT I: RETALIATION IN VIOLATION OF THE FMLA

57. Bickel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. During her employment, Bickel utilized FMLA leave.

59. After Bickel utilized her qualified FMLA leave, Deloitte retaliated against her.

60. Deloitte retaliated against Bickel by designating her a low performer.

61. Deloitte retaliated against Bickel by terminating her employment.

62. Deloitte willfully retaliated against Bickel in violation of U.S.C. § 2615(a).

63. As a direct and proximate result of Defendant's wrongful conduct, Bickel is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Bickel demands from Defendants the following:

(a) Issue an order requiring Deloitte to restore Bickel to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

The Employee's Attorney.™ 

(b) An award against each Defendant of compensatory and monetary damages to compensate Bickel for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Bickel's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            daniel.dubow@spitzlawfirm.com

*Attorneys for Plaintiff*



## JURY DEMAND

Plaintiff Melissa Bickel demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**

